UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| AXEL BRAUN,<br><br>  Plaintiff,<br><br>  v.<br><br>PRIMARY DISTRIBUTOR DOE NUMBER 1 and DEFENDANT DOES 2 through 38,<br><br>  Defendants. | No. C 12-5786 MEJ<br>and related cases: 12-5812 MEJ<br>12-5813 MEJ<br>12-5814 MEJ<br><br>**ORDER GRANTING EX PARTE APPLICATIONS FOR LEAVE TO TAKE EARLY DISCOVERY** |

Plaintiff Axel Braun ("Plaintiff") brings these four related cases accusing Doe Defendants[1] of using BitTorrent technology to illegally download copyrighted files from the Internet. Plaintiff has filed Ex Parte Applications in each of the cases pursuant to Federal Rule of Civil Procedure ("Rule") 26, requesting leave to take expedited discovery to determine the identity of Defendants ("Defendants") named in these action.[2] For the reasons explained below, the Court **GRANTS** Plaintiff's Application.

**BACKGROUND**

Braun is an individual doing business as Axel Braun Productions, with his principal place of business located in Porter Ranch, California. Compl. ¶ 9, Dkt. No. 1. Axel Braun Productions directs, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, and photographs. *Id.* ¶ 10. Plaintiff is the co-producer and co-claimant of the

---

[1] Plaintiff is suing 38 Doe Defendants in 12-5786, 40 in 12-5812, 151 in 12-5813, and 129 in 12.5814. The Court shall refer to these Doe Defendants collectively as "Defendants."

[2] The applications are: Dkt. No. 6 in 12-5786; Dkt. No. 5 in 12-5812; Dkt. No. 5 in 12-5813; Dkt. No. 6 in 12-5814. Because the related cases have virtually identical facts, citations herein reference documents filed in 12-5786, unless otherwise noted.

copyrights in the motion picture, *Star Wars XXX: A Porn Parody*.[3] *Id.* ¶ 32. Plaintiff registered the copyright for *Star Wars XXX: A Porn Parody* with the United States Copyright Office, and the Copyright Office assigned the work the registration number PA 1-787-699. *Id.*

Plaintiff alleges that Defendants used BitTorrent, an internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute *Star Wars XXX: A Porn Parody* in violation of the Copyright Act, 17 U.S.C. § 101 et seq. *Id.* ¶¶ 17-28, 33-35. Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, each Defendant is liable for contributory infringement. *Id.* ¶¶ 37-45. Because the alleged infringement occurred on the Internet, Plaintiff states that Defendants acted under the guise of their Internet Protocol ("IP") addresses rather than their real names. Strassmeir Decl. ¶ 18, Dkt. No. 6-1. As a result, Plaintiff contends that it cannot determine Defendants' true identities without procuring the information from Defendants' respective Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity. *Id.* ¶ 24. Consequently, Plaintiff asks the Court to grant expedited discovery to issue subpoenas to the relevant ISPs so that the ISPs will produce identifying information for each Defendant.

## DISCUSSION

Rule 26(d)(1) prohibits discovery without a court order prior to a Rule 26(f) conference between the parties. Courts generally use a "good cause" standard to decide whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.* at 276. To determine whether there is "good cause" to permit expedited discovery to identify anonymous internet user doe defendants, courts consider whether:

---

[3] Plaintiff states that he and Vivid Entertainment, LLC jointly produced and created *Star Wars XXX: A Porn Parody*, but the originally filed registration application mistakenly omitted Axel Braun Productions. Compl. at 8, fn. 1. The claimants have submitted a supplemental registration naming Axel Braun Productions as a co-claimant and the Copyright Office is currently processing the supplement registration. *Id.*

2

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39,* No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (citing *Columbia Ins. Co. v. seescandy. com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). The Court will consider each of these factors in turn.

### A. Identification of Defendants as Persons Who Can Be Sued

Under the first factor, the Court must examine whether Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subject to jurisdiction in this Court. *Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff proffers that he retained Media Protector International GmbH ("MPI"), which utilized forensic software to identify Defendants' IP addresses on the date and time that they engaged in the alleged distribution of *Star Wars XXX: A Porn Parody* via the BitTorrent protocol, and has compiled the information into a log attached as Exhibit A to Plaintiff's Complaint. Strassmeir Decl. ¶¶ 2, 11-18, Ex. A. Plaintiff explains that each time the subscriber accesses the Internet, the ISP provides a unique IP address that is somewhat akin to a telephone number, and that ISPs record in user logs the times and dates it assigns each IP address to a subscriber. *Id.* ¶ 20. The IP addresses MPI identified enable it to determine which ISP each peer used to gain access to the Internet. *Id.* ¶ 22. MPI can then search public databases to determine which Internet access provider controls a specific IP address. *Id.* Plaintiff can then use this information to obtain Defendants' names, addresses, e-mail addresses, and other identifying information. *Id.* ¶ 18. Thus, the Court finds that Plaintiff has come forward with sufficient information demonstrating that the Defendants are real persons or entities who may be sued in federal court. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (finding that the plaintiff had identified the doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleged the particular defendant engaged in the infringing conduct).

### B.  Previous Steps Taken to Identify the Doe Defendants

Under the second factor, the Court must assess the prior steps Plaintiff has taken to locate the Defendants. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id*. Having reviewed Mr. Strassmeir's testimony, the Court is satisfied that Plaintiff has sufficiently described its efforts to identify Defendants. Mr. Strassmeir states that once MPI identified a peer distributing *Star Wars XXX: A Porn Parody*, it obtained and recorded publically available information about the peer, including the time and date at which the peer distributed the file, the IP address the peer used to access the Internet, and the infohash (a unique identifier created for each file by the BitTorrent protocol). Strassmeir Decl. ¶ 15. Mr. Strassmeir states that, because of the partially anonymous nature of the P2P Internet distribution system used by Defendants, MPI is unable to determine their true names, street addresses, telephone numbers, and email addresses. *Id.* ¶ 18.

### C.  Withstanding a Motion to Dismiss

Under the third factor, the inquiry shifts to the substance of Plaintiff's claims and analyzes whether Plaintiff's Complaint would likely survive a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. In its Complaint, Plaintiff has asserted a federal copyright infringement claim. To state a claim for copyright infringement, Plaintiff must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the copyrighted work that are original. *Rice v. Fox Broad. Corp.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (citing *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "To be liable for direct infringement, one must 'actively engage in' and 'directly cause' the copying." *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004).

Reviewing Plaintiff's Complaint, Plaintiff has adequately alleged that *Star Wars XXX: A Porn Parody* is the subject of a valid Certificate of Registration issued by the United States Copyright Office and that Plaintiff is the co-claimant in the copyrights for the movie. Compl. ¶ 2. Plaintiff has also alleged that the Defendants reproduced and distributed *Star Wars XXX: A Porn*

*Parody* via BitTorrent to numerous third parties. Compl. ¶¶ 33-34. Additionally, Plaintiff has alleged that Defendants actively engaged in or directly caused the copying by completing each of the steps in the BitTorrent file-sharing protocol, including intentionally downloading a torrent file particular to *Star Wars XXX: A Porn Parody*, loading that torrent file into the BitTorrent client, entering a BitTorrent swarm particular to *Star Wars XXX: A Porn Parody*, and ultimately, downloading and uploading pieces of a *Star Wars XXX: A Porn Parody* file to eventually obtain a whole copy of the file. *Id*. ¶¶ 18-29. Based on these allegations, the Court finds that Plaintiff has pled a prima facie case of copyright infringement.

Plaintiff has also made a prima facie showing that the Complaint would withstand a motion to dismiss for lack of personal jurisdiction. The Complaint alleges that the ISP associated with each Doe Defendant is located in California; thus, the allegations of the Complaint support an inference that all of the Doe Defendants reside in California. *Id.* ¶ 6. At this stage in the proceedings, this is a sufficient showing. Accordingly, Plaintiff has set forth sufficient supporting facts to survive a motion to dismiss.

**D.     Whether there is a Reasonable Likelihood of Being Able to Identify Defendants**

The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable likelihood that the discovery he requests will lead to the identification of Defendants such that it may effect service of process. *Columbia Ins.*, 185 F.R.D. at 580. As indicated above, Plaintiff contends that the key to locating the Defendants is through the IP addresses associated with the alleged activity on BitTorrent. Specifically, Plaintiff contends that because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve Defendants and proceed with this case. Pl.'s App. at 5; Strassmeir Decl. ¶¶ 19-23. Taking this into account, the Court finds that Plaintiff has made a sufficient showing as to this factor.

**E.     Summary**

Taking the above factors into consideration, the Court finds that Plaintiff has demonstrated that good cause exists to grant leave to conduct early discovery. Moreover, the Court finds that the

expedited discovery sought furthers the interests of justice and presents minimal inconvenience to the ISPs to which the subpoenas are directed. Thus, the expedited discovery is in line with Rule 26(d).

**F.     Joinder of Doe Defendants**

Having found that expedited discovery is appropriate, the question becomes whether the discovery sought is proper as to all Doe Defendants. Under Rule 20, defendants may be joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences, and any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). The permissive joinder rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, and (2) some question of law or fact common to all the parties must arise in the action. Fed. R. Civ. P. 20(a). Both of these requirements must be satisfied in order to justify party joinder under Rule 20(a). *Id.* In situations of misjoinder of parties, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

       1.     <u>Same Transaction, Occurrence, or Series of Transactions or Occurrences</u>

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from related activities–a transaction or an occurrence or a series thereof." *Id.* (citation omitted). Recently, courts in this District – as well as several other

federal districts – have come to varying decisions about the proprietary of joining multiple defendants in BitTorrent infringement cases. *See MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, at *3 (N.D. Cal. Aug. 15, 2011) (listing a sample of recent decisions). This Court has carefully reviewed such decisions and notes that they are highly dependent on the information the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the specificity of the allegations regarding the Doe defendants' alleged infringement of the protected work. Both of these factors guide the Court's joinder analysis in this matter as well.

Plaintiff asserts that because all of the Doe Defendants were part of the same swarm downloading and distributing the same *Star Wars XXX: A Porn Parody* file during the same period of time, the copyright claims arise from the same transaction and occurrence and raise common issues of law and fact. While several courts have concluded that joinder is inappropriate under similar circumstances, *see, e.g., Hard Drive Productions, Inc. v. Does 1–130,* 2011 WL 5573960 (N.D. Cal. Nov.16, 2011), the Court concludes that Plaintiff has at least made a prima facie showing that the Doe Defendants are properly joined. *See Open Mind Solutions, Inc.,* 2011 WL 4715200 at *7 (concluding that plaintiff made a preliminary showing that satisfied Rule 20 given the allegations that the doe defendants were present in the same BitTorrent swarm and shared pieces of the same seed file); *Braun v. Doe*, 2012 WL 3627640, at *3 (N.D. Cal. Aug. 21, 2012). Plaintiff has provided enough specificity to make a preliminary determination that the Doe Defendants here were part of the same swarm. Reviewing the IP logs attached to Mr. Strassmeir's Declarations in each of the cases, Defendants' alleged infringing activity occurred over a period ranging from 63 to 193 hours. *See* Strassmeir Decls., Ex. A. Plaintiff states that he tracked Defendant Doe One's participation in the swarm over the entire period of time alleged in each Complaint, limited the present cases to individuals who participated in the same swarm at the exact same time, limited defendants to those who likely accessed the Internet from within California, and alleged valid claims for contributory infringement seeking to hold Defendants jointly and severally liable for the infringing conduct. Pl.'s App. at 13.

Based on these allegations, Plaintiff's claims against the Doe Defendants appear logically

related. Each putative Defendant is a possible source for Plaintiff's copyrighted work, and may be responsible for distributing the work to the other putative Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. *See Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible."). While the Doe Defendants may be able to rebut these allegations later, Plaintiff has sufficiently alleged that his claims against the Defendants potentially stem from the same transaction or occurrence and are logically related. *See Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 11 (D.D.C.) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, . . . the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct."); *Third Degree Films, Inc. v. Does 1-178*, 2012 WL 3763649, at *5 (N.D. Cal. Aug. 29, 2012) (same). Plaintiff has made a preliminary showing that these Defendants were present in the same *Star Wars XXX: A Porn Parody* swarm on BitTorrent and shared pieces of the same seed file containing *Star Wars XXX: A Porn Parody*.

        2.        <u>Question of Law or Fact Common to All Defendants</u>

Rule 20(a)(2)(B) requires Plaintiff's claims against the putative Doe Defendants to contain a common question of law or fact. Here, Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyright in *Star Wars XXX: A Porn Parody* and the infringement of the exclusive rights reserved to Plaintiff as copyright holder. Furthermore, Plaintiff alleges that the Defendants utilized the same BitTorrent file-sharing protocol to illegally distribute and download *Star Wars XXX: A Porn Parody* and, consequently, factual issues related to how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity will be essentially identical for each Defendant. *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011); *Third Degree Films*, 2012 WL 3763649, at *5. The Court recognizes that each putative defendant may later present different factual and substantive legal defenses "but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *Call of the Wild*

*Movie*, 770 F. Supp. 2d at 343.

### 3. Prejudice to Any Party or Needless Delay

Finally, the Court assesses whether joinder would prejudice the parties or result in needless delay. Joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants. *Id.* at 344; *London–Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (court consolidated separate Doe lawsuits for copyright infringement since the "cases involve similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider. Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Here, Plaintiff is currently obtaining identifying information from ISPs so that it can properly name and serve the Defendants. If the Court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect its copyright from illegal file-sharers and this would only needlessly delay the case. Plaintiff would be forced to file separate lawsuits against each Doe Defendant, in which it would then move to issue separate subpoenas to ISPs for each Defendant's identifying information. Plaintiff would additionally be forced to pay the Court separate filing fees in each of these cases, which would further limit its ability to protect its legal rights. "This would certainly not be in the 'interests of convenience and judicial economy,' or 'secure a just, speedy, and inexpensive determination of the action.'" *Call of the Wild*, 770 F. Supp. 2d at 334 (citation omitted) (declining to sever defendants where parties joined promotes more efficient case management and discovery and no party prejudiced by joinder).

Further, the Doe Defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to Plaintiff's allegations or assert a defense. Defendants may be able to demonstrate prejudice once Plaintiff proceeds with its case against them, but they cannot demonstrate any harm that is occurring to them before that time. *Id.*

1    Thus, the Court finds that, at this preliminary stage, Plaintiff has met the requirements of
2 permissive joinder under Rule 20(a)(2). The putative defendants are not prejudiced but likely
3 benefitted by joinder, and severance would debilitate Plaintiff's efforts to protect its copyrighted
4 material and seek redress from the Doe Defendants who have allegedly engaged in infringing
5 activity. To be fair, the Court recognizes that the questions of joinder and severance must be
6 deferred until after discovery has been authorized and any motions to quash filed. The Court is also
7 cognizant of the logistical and administrative challenges of managing a case with numerous putative
8 defendants, a number of whom may seek to file papers pro se. However, severing the putative
9 defendants at this early stage is no solution to ease the administrative burden of the cases. As the
10 case progresses, the Court may conclude that it is unmanageable, depending on the number of
11 defendants served and appearing, or that, in fact, the claims do not arise from the same transaction
12 and occurrence. At this time, however, the Court is not persuaded that Plaintiff could not withstand
13 a motion to dismiss for improper joinder. The Court therefore declines to sever the Doe Defendants
14 at this time.

**CONCLUSION**

16    For the reasons stated above, the Court GRANTS Plaintiff's Ex Parte Applications for
17 Expedited Discovery as follows:

18    Plaintiff is allowed to serve immediate discovery on the Doe Defendants' ISPs listed in
19 Exhibit A to Mr. Strassmeir's Declaration by serving a Rule 45 subpoena that seeks information
20 sufficient to identify the Doe Defendants, including the name and address of Defendants. Plaintiff's
21 counsel shall issue the subpoena and attach a copy of this Order. Any subpoena authorized by this
22 Order shall be deemed an appropriate court order under 47 U.S.C. § 551.

23    Each ISP will have 20 days from the date of service upon it to serve Defendants with a copy
24 of the subpoena and a copy of this Order. The ISPs may serve the Doe Defendants using any
25 reasonable means, including written notice sent to his or her last known address, transmitted either
26 by first-class mail or via overnight service.

27    Defendants shall have 30 days from the date of service upon him, her, or it to file any

10

motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30–day period lapses without Defendants contesting the subpoena, the ISP shall have 14 days to produce the information responsive to the subpoena to Plaintiff.

Because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

The subpoenaed entity shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting his rights under the Copyright Act, 17 U.S.C. §§ 101–1322. Plaintiff shall serve each Doe Defendant with the summons, complaint, and other documents required by Civil Local Rule 4-2 within 120 days of learning that Doe's identity.

Should Plaintiff engage in settlement negotiations with any Doe Defendant, he shall not assert that that Doe is being sued in San Francisco, unless Plaintiff believes that Doe to be a resident of this District or has a good faith belief, consistent with Federal Rule of Civil Procedure 11(b), that it can otherwise establish personal jurisdiction over that Doe in this District.

**IT IS SO ORDERED.**

Dated: December 6, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge